**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER

Appellate case name:        Tyrus Nathaniel Green v. The State of Texas

Appellate case number:     01-18-01123-CR

Trial court case number:    1522737

Trial court:                      182nd District Court of Harris County

Appellant's court-appointed counsel, Aimee Bolletino, filed a brief on July 2, 2019, concluding that the above-referenced appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967). Counsel has not, however, filed a motion to withdraw from representation with the Clerk of this Court. If appointed counsel believes that an appeal is frivolous, counsel must request permission to withdraw. *See Anders*, 386 U.S. at 744. An *Anders* brief must accompany a motion to withdraw, neither the brief nor the motion may be filed on its own. *See id.*; *In re Schulman*, 252 S.W.3d 403, 406–08 (Tex. Crim. App. 2008).

In addition, although counsel attached a certificate of counsel to her *Anders* brief that states she sent a copy of that brief to appellant and informed him of his right to view the record and file a pro se brief, counsel has not filed a separate cover letter in accordance with *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014), "to (1) notify h[er] client of the motion to withdraw and the accompanying *Anders* brief, providing him with a copy of each, (2) inform him of his right to file a *pro se* response and of his right to review the record preparatory to filing that response, [] (3) inform him of his *pro se* right to seek discretionary review should the court of appeals declare his appeal frivolous," and (4) "notify h[er] client that, should he wish to exercise his right to review the appellate record in preparing to file a response to the *Anders* brief, he should immediately file a motion for *pro se* access to the appellate record with the applicable court of appeals," which letter includes "a form motion . . ., lacking only the appellant's signature and the date, . . . inform[ing] the appellant that, in order to effectuate his right to review the appellate record *pro se*, should he choose to invoke it, he must sign and date the motion and send it on to the court of appeals within ten days of the date of the letter from appellate counsel." 436 S.W.3d at 319–20.

Accordingly, we **order** appellant's appointed counsel, Aimee Bolletino, to file with the Clerk of this Court a motion to withdraw that complies with Texas Rules of Appellate Procedure 6.5 and 9, and to file and mail a cover letter to appellant in accordance with *Kelly*. *See* TEX. R. APP. P. 6.5, 9; *Kelly*, 436 S.W.3d at 319-20; *Schulman*, 252 S.W.3d at 410, 412. We further **order** appellant's appointed counsel to notify this Court, in writing, "that [s]he has (1) informed the appellant of the motion to withdraw and attendant *Anders* brief, [and] (2) provided the appellant with the requisite copies while notifying him of his various *pro se* rights, and (3) supplied him with a form motion for *pro se* access to the appellate record (and the mailing address for the court of appeals), to be filed within ten days, so that he may timely effectuate that right, if he so choose." *Kelly*, 436 S.W.3d at 319. Because the Clerk of this Court has mailed the pro se appellant a form motion for pro se access to the appellate record on July 2, 2019, counsel does not need to send the form motion to her client, but should notify her client as provided above.

Counsel shall send the required *Kelly* letter to her client and shall file the required motion to withdraw and *Kelly* notice with the Clerk of this Court **within 10 days of the date of this order**. *See* TEX. R. APP. P. 6.5, 9; *Kelly*, 436 S.W.3d at 319-20; *Schulman*, 252 S.W.3d at 410, 412.

It is so ORDERED.

Judge's signature: ____/s/ Laura C. Higley_____

                 x  Acting individually     ☐  Acting for the Court

Date: ____July 9, 2019____